# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4531 | **DATE** | 6/19/2012 |
| **CASE TITLE** | Christopher A. Triplett, Sr. (#2012-0119179) v. Westlake Hospital | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given until July 13, 2012, to: (1) file an *in forma pauperis* application in compliance with this order or to pay the $350 filing fee and (2) submit an amended complaint. The complaint on file is dismissed without prejudice. The Clerk is directed to send Plaintiff an *in forma pauperis* application, one copy of the amended civil rights complaint form and instructions for filing, along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed.

■ [For further details see text below.]             Docketing to mail notices.

# STATEMENT

    Plaintiff, Christopher A. Triplett, Sr., a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the required filing fee nor submit an application to proceed *informa pauperis*.

    Local Rule 3.3 of this Court requires that persons seeking leave to file *in forma pauperis* to file both an *in forma pauperis* petition and a financial affidavit. The *in forma pauperis* form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. As explained below, the Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement for the 6-month period immediately preceding the filing of the complaint. If Plaintiff wants to proceed on his complaint, he must file a new motion for leave to file *in forma pauperis* on the Court's form and have an authorized official provide information regarding his trust fund account, including a copy of his trust fund account for the 6-month period immediately preceding the filing of the complaint. Plaintiff must also write the case number in the space provided for it.

    Effective April 26, 1996, the PLRA significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.

    The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

    (A)    the average monthly deposits in the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

    JJD

|STATEMENT|
|---|

    The Court will authorize prison officials to deduct the initial filing fee payment directly from plaintiff's trust fund account. Thereafter, correctional authorities having custody of plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

    If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this Court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980).

    Furthermore, Plaintiff's complaint fails to state a claim. Plaintiff alleges that on "June 24th," he was taken to Westlake Hospital for injuries he received while being arrested. Plaintiff alleges that he was denied x-rays and medication and taken back to Cook County Jail after Officer Krucek told the emergency room doctor what he was arrested for. He alleges he was "refused treatment of any kind." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Plaintiff does not indicate in what year the alleged denial of medical care took place. The Court notes that Plaintiff filed another lawsuit, Case No. 12 C 4531, in which he alleges that Officer Krucek used excessive force on him on July 24, 2012. The allegations in this lawsuit appear to be related to that same incident. However, that date cannot be correct as the lawsuits were filed prior to June 24, 2012.

    In addition, Plaintiff has not pled a claim against the sole-named Defendant.

    Plaintiff names Westlake Hospital as the sole Defendant. Plaintiff does indicate if Westlake Hospital is contracted with a Cook County for Section 1983 liability to possibly attach. Contractors that provide a public function to inmates in a jail are treated the same as a municipality for purposes of Section 1983 liability. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010). A municipality may be held liable to inmates under its authority if it maintains a policy that sanctions conditions within the prison that constitute an infringement of the constitutional rights of a prisoner. *Id.* The municipality's policy or practice must be the direct cause or moving force behind the constitutional violation. *Id.* If a plaintiff cannot demonstrate a formal policy that is unconstitutional, he may show a constitutional violation through a series of acts that create an inference that the municipal officials were aware of and condoned misconduct by their employees). Plaintiff has not alleged that Westlake Hospital is a contractor that provides services to inmates from Cook County Jail nor has he alleged that he was denied medical care due to a policy or practice of Westlake Hospital that was the direct cause or moving force behind the alleged constitutional violation. Thus, he has not stated a Section 1983 claim against Westlake Hospital.

    In light of the above, the Court dismisses the complaint without prejudice. Plaintiff is given leave to submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

    Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

    In summary, Plaintiff must **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.